*S. D. Parker*, for the Commonwealth.

---

### COMMONWEALTH *vs.* THOMAS J. WOODS.

A weigher of vessels, appointed by the selectmen of a town, has no authority, under the Rev. Sts. *c.* 31, to exercise his office out of the limits of the town; and if he weighs and marks a vessel out of those limits, and gives a certificate, the owner or master will not be thereby protected from the penalty imposed for neglecting to have his vessel weighed and marked according to the provisions of that chapter: But the weigher is not liable, in such case, to the penalty imposed for placing marks on a vessel, contrary to the provisions of said chapter, or for giving a false certificate.

THIS was an indictment which alleged that the defendant, on the 5th of May 1845, having been before that time appointed, by the selectmen of the town of Chelsea, a weigher

---

and marker of vessels for said town, according to the provisions of the Rev. Sts. *c.* 31, and being such weigher and marker for said town only, did unlawfully undertake and assume to be a weigher and marker of vessels and lighters in the city of Boston, not having been appointed or licensed by the mayor and aldermen of said city as such weigher, according to the 31st chapter of said statutes, and having no lawful authority under said chapter to weigh and mark vessels and lighters in said city, or elsewhere out of the limits of the town of Chelsea; and, in pursuance of such unlawful undertaking and assumption, did, at said Boston, weigh, examine, and mark with the marks required and specified in said chapter of said statutes, a vessel employed in said Boston, in transporting stone sold by weight, and gravel and sand, called the George & Henry, and without the limits of said town of Chelsea, and did then and there place certain marks on said vessel, contrary to the aforesaid provisions of said chapter of said statutes ; whereby, by reason of the premises, and the force of the same chapter of the same statutes, he, the said Thomas J. Woods, then and there, for said offence, so as aforesaid committed, did forfeit a sum not exceeding three hundred dollars, to be appropriated according to law ; against the peace, &c.

At the trial in the municipal court, it was admitted that the defendant was legally appointed by the selectmen of Chelsea, to weigh lighters and other vessels, according to Rev. Sts. *c.* 31 ; and there was evidence that he, on the day mentioned in the indictment, weighed and marked the vessel therein mentioned, while she was lying at a wharf in Boston, and that he, after so weighing and marking her, gave a certificate thereof to the master, dated Chelsea May 5th 1845. It also appeared that said vessel was registered or enrolled at Dennis, in the county of Barnstable, and was owned by persons residing in Rockport, in the county of Essex.

The court instructed the jury, that if the defendant weighed and marked the vessel at a wharf in Boston, placing such marks on her as are required, by Rev. Sts. *c.* 31, to be placed

on vessels by weighers, and gave a certificate thereof, dated at Chelsea, not having been appointed a weigher of vessels by the mayor and aldermen of the city of Boston, he was guilty of placing marks upon a vessel contrary to the provisions of said 31st chapter of the revised statutes, and that they should find him guilty accordingly. The jury found the defendant guilty, and he alleged exceptions to the instructions of the court.

*H. H. Fuller*, for the defendant.

*S. D. Parker*, for the Commonwealth.

SHAW, C. J. The defendant was indicted for an alleged violation of the Rev. Sts. *c.* 31, which provide for the weighing and marking of lighters and other vessels employed in transporting stone, gravel and sand. The object is, to ascertain, by inspection, the weight of stone, &c. borne on a loaded vessel, by measuring the exact degree to which such vessel is sunk in the water below the level of the light water line, and marking such degree on the stem and stern of the vessel, by permanent marks affixed. Sect. 1st provides that the mayor and aldermen of the city of Boston and the selectmen of every town, where lighters or vessels are employed in transporting stones, &c. shall annually appoint one or more weighers of vessels, who shall be sworn to the faithful discharge of the duties of that office. The statute then provides, in various sections, how vessels shall be weighed and marked, that a certificate shall be given by the weigher and the marks be reëxamined, and the certificate renewed annually.

Sect. 8th imposes a penalty upon every owner or master of such vessel for not having his vessel weighed, marked and examined, or who shall remove any mark or alter his certificate.

Sect. 9th imposes a penalty upon every such weigher who shall be guilty of placing any such mark contrary to the statute, or who shall give a false certificate.

The indictment charges the defendant with a violation of this statute, in this, that being appointed a weigher by the selectmen of the town of Chelsea, he had no authority to exercise his office out of the limits of that town; that he did

unlawfully exercise the office in the city of Boston by weigh-
ing and marking a vessel there, and was there guilty of placing
on said vessel certain marks, contrary to the provisions of the
statute, whereby he incurred a penalty, not exceeding $300,
being the penalty prescribed under the 9th section.

The last averment is not intended to charge that the de-
fendant placed any false marks upon the vessel, but that he
incurred the penalty of § 9, by putting any marks upon the
vessel as an authorized weigher, out of the limits of the town
by which he was appointed.   This is manifest from the bill
of exceptions, which, after stating the facts admitted or proved,
states the direction of the court, which was, that if the de-
fendant weighed and marked the vessel in Boston, placing
thereon the marks required by the statute, and gave a certifi-
cate thereof, dated at Chelsea, not having been appointed a
weigher by the mayor and aldermen of Boston, he had been
guilty of placing marks, &c. and had incurred the penalty of
the statute.

It was contended, in behalf of the defendant that, being
appointed a weigher of vessels under the statute, he had author-
ity to execute the powers of his office any where within the
Commonwealth, and therefore that his proceedings in weigh-
ing and marking the vessel in question, and giving a certifi-
cate thereof, was right, and that consequently, neither he, nor
the owner or master of the vessel, had incurred any penalty
under the statute.

It is true that the statute does not, in terms, limit the ex-
ercise of the powers of this office to the town by which he is
appointed; but we think, by the true construction of the
statute, he is appointed for such town, and that his power is
limited, by necessary implication, to its local jurisdiction.
He is an annual officer.   The mayor and aldermen of Boston
and the selectmen of every town where vessels are employed,
that is, of every maritime town, shall appoint one or more
weighers; that is, as we construe the provision, one, where
a small number only are likely to require the action of such
officer, and more for the larger ports.   He is to keep a book

in which the marks and admeasurements are to be accurately stated, which may be resorted to by any one concerned, should the accuracy or genuineness of the certificate be questioned. All these provisions indicate that he is regarded as a local, stationary officer, and if limited at all, he must be limited by the boundaries of his town. It seems to have been the purpose of the legislature to have such officer established in every town where his services may be needed; which could hardly be, if he could exercise his functions throughout the Commonwealth.

Again; the statute prescribes the fees payable to this officer. Being a public officer, he is bound, on reasonable request, and the tender of his fees, to hold himself in readiness, and to execute the duties of his office, within his jurisdiction; and he would be responsible in damages for a neglect or refusal. Could he be required to go into other towns? If so, how far? But these fees must be regarded as his only compensation for the responsibility he is under, and if officers from other towns, distant parts of the Commonwealth, can perform the same duties within his jurisdiction, there might be a competition and underbidding, which might deprive him of the emoluments provided by law for his remuneration.

But though the defendant cannot justify his proceeding as having a rightful authority to act as a weigher of vessels out of the town of Chelsea, yet we are of opinion that he has not incurred the penalty prescribed by § 9, before cited. That is intended to punish an actual officer who shall abuse the trust reposed in him, and act contrary to his duty and his oath. It applies to "every such weigher who shall be guilty of placing any such mark, contrary to the provisions of this chapter, or who shall give a false certificate." It does not apply to a mere unauthorized person, who shall profess and undertake to act as a weigher.

But it follows, as a necessary consequence, that the act and certificate of such unauthorized person is wholly void, and affords no impunity, to the owner of the vessel thus weighed and marked, against the penalty of § 8, although a certificate

is given, and given by a person authorized to execute the office in another town. It is like the service of process by a sheriff or constable out of his precinct ; it is merely void.

If it is said that an owner may be misled, and suppose his vessel is safe when she is not, the answer is, that if a person thus unauthorized should falsely represent himself to be an officer appointed for the place where he executes his office, and the owner is deceived by it, such person may be liable, in an action on the case, for the damage the owner may incur by such deceit.

On the grounds stated, the court are of opinion that the exceptions are sustained, that the verdict must be set aside and a

*New trial granted*